

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 19, 1957

Mr. James A. Giddings
Acting Executive Director
Board for Texas State Hospi-
   tals and Special Schools
Austin, Texas

Opinion No. WW-231

Re: Is it necessary for
   the Board for Texas
   State Hospitals and
   Special Schools to
   secure approval of
   the Board of Control
   for building con-
   tracts executed
   after August 31,
   1957 involving reappro-
   priated funds under
   the 1957 General

Dear Mr. Giddings:
   Appropriation Act.

We have your letter in which you call attention
to the last paragraph of Opinion WW-158 (1957) and then
state:

> "Section 1 of Article II, House Bill 133,
> Acts, 55th Legislature, R.S., reappropriated
> to the Board for Texas State Hospitals and
> Special Schools any unexpended balances
> remaining in the State Hospitals Building
> Fund appropriated by H.B. No. 111, Chapter
> 81, Acts, 53rd Legislature, R.S., 1953, and
> H.B. No. 140, Acts, 54th Legislature, R.S.,
> 1955, including accrued interest.

> "In view of the language of Opinion No. WW-
> 158 and in order that this office may pro-
> perly carry out its duties, we respectfully
> request an opinion from your office as to
> whether or not it is necessary to secure
> the approval of the Board of Control for
> contracts executed after September 1, 1957
> involving these reappropriated funds."

For convenience, we will sometimes hereinafter
refer to the Board for Texas State Hospitals and Special
Schools as "Hospital Board", and the State Hospitals and
Special Schools Building Fund as "Hospital Building Fund".

In the above mentioned Opinion WW-158, we were only concerned with the extent of the authority of the Board of Control to review and approve the building contracts made by the Hospital Board. We only briefly mentioned the fact that the authority of the Board of Control would terminate after August 31, 1957, for the reason that we considered that the question discussed would become moot after that date which was only two months away, and also because we did not think it necessary to discuss the constitutional question involved in the statute giving the Board of Control authority to review and approve building contracts made by the Hospital Board.

As shown by the history of this matter as set out in the footnote to this Opinion, it is clear to us that the authority and duty of the Board of Control to review and approve building contracts made by the Hospital Board by virtue of all acts since 1949, and through the 54th Legislature, will expire after August 31, 1957. The only question is whether the authority of the Board of Control has been extended beyond August 31, 1957 by the 55th Legislature, 1957.

The General Appropriation Act of 1957 for the biennium beginning September 1, 1957, (House Bill 133, Ch. 385 Acts R.S. 55th Leg., 1957, p. 870) at page 908 reappropriated to the Hospital Board the unexpended balances remaining in the Hospital Fund for building purposes. We are unable to find any provision in this Appropriation Bill or any General Law where the Legislature made any provision for authority of the Board of Control to review or approve the building contracts made by the Hospital Board during the biennium beginning September 1, 1957.

You are, therefore, advised that it is not necessary for the Hospital Board to secure the approval of the Board of Control of building contracts made by the Hospital Board after August 31, 1957.

## SUMMARY

It is not necessary for the Board for Texas State Hospitals and Special Schools to secure the approval of the Board of Control of building contracts made after

Mr. James A. Giddings, Page 3   (WW-231)

August 31, 1957.

Very truly yours,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
   Assistant

APPROVED:
OPINION COMMITTEE:
B. H. Timmins, Jr.
Richard Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY:  George P. Blackburn

HGC:jas

---

1.   Chapter 316, page 588, Acts, Regular Session,
51st Legislature, 1949 (V.A.C.S. Article 3174b) created
the Hospital Board and placed upon said Board the
powers theretofore exercised by the Board of Control
except the Board of Control was to continue to handle
all purchases.

The same Legislature at its First Called Session,
1950, by House Bill 2, Chapter 1, page 1 amended the
original omnibus tax bill of 1935 which amendment per-
tained only to the cigarette tax so as to provide a fund
for the buildings of the State Hospitals and Special
Schools.  This amendment of 1950 amended the 1935 Act
in the following respects:

(1)  Section 1(a) provided for an increase in
the cigarette tax, and provided that Section 2 of the
1935 Act is "amended so as to hereafter and until August
31, 1957, read as follows".

(2)  Section 1(b) provided for a different tax
on cigarettes and provided that Section 2 of the 1935
Act is "amended effective September 1, 1955, so as to

thereafter read as follows".

(3)  Section 2(a) provided that Section 3 of the
1935 Act as amended "is hereby amended so as to here-
after and until August 31, 1957, read as follows".  Said
Section 2(a) in the third unnumbered paragraph provided
that a certain portion of the cigarette tax shall be
credited to a special fund to be known as the State
Hospitals and Special Schools Building Fund which was
created by said section and limited the amount of this
Fund to five million dollars for the biennium ending
August 31, 1951, and not in excess of five million
dollars for each fiscal year thereafter.  This same
Section 2(a) of said House Bill 2 in the 5th and 6th
unnumbered paragraphs contained provisions reading as
follows:

> "All funds credited to the State Hospi-
> tals and Special Schools Building Fund under
> this Act are hereby appropriated to the Board
> for Texas State Hospitals and Special Schools
> for the purpose of constructing, repairing
> and equipping such buildings as in the opinion
> of the Board are necessary to the proper care
> of those committed or to be committed to such
> hospitals and special schools according to law.
> Provided, however, the fees paid to an architect
> shall not exceed six per cent (6%) for the plans,
> specifications and supervisions of said build-
> ings and all contracts made for and the final
> acceptance in connection with such construction
> other than the plans and specifications, shall
> be subject to the review and approval of the
> Board of Control.

> "All unexpended balances of funds appro-
> priated to the said Board existing at the end
> of this or any succeeding biennium shall revert
> and be returned to the State Hospitals and
> Special Schools Building Fund."

All of the provisions of said Section 2(a) of
House Bill 2 are carried forward in V.A.C.S., Vol. 20,
page 74 et seq as a part of V.A.C.S. Article 7047c-1,
and with a heading reading "Text of Section 3 until
August 31, 1957".  It is to be noticed that the above
quoted paragraphs pertaining to the Board of Control
are placed under this heading as being effective only
until August 31, 1957.  It is only a question as to
whether any Act has been passed extending the authority

of the Board of Control under the above quoted provision after August 31, 1957.  It is also to be noticed that Vernon's statutes showed by its heading that the above quoted portion of the 1951 Act pertaining to the power of the Board of Control is not to be considered as a permanent act, but only a temporary act effective until August 31, 1957.

(4)  Section 2(b) of said House Bill 2 provided that Section 3 of the 1935 Act as amended "is amended effective September 1, 1957."  It is to be noticed that there is nothing whatever under this Section 2(b) to become effective on September 1, 1957, which allocates any part of the cigarette tax to the Hospital Building Fund or pertaining to the power of the Board of Control over contracts made by the Hospital Board. All of these provisions of said Section 2(b) of said House Bill 2 are carried forward in V.A.C.S., Vol. 20, page 77 under the heading "Text of Section 3 effective September 1, 1957".

After August 31, 1957, everything contained in Section 2(a) of said House Bill 2 will be wiped out, which will include the provision relating to the Board of Control, and on September 1, 1957, the provisions of Section 2(b) of said House Bill 2 will become operative unless changed by the Legislature.

Even if the Act did not provide that the provisions of Section 2(a) would expire at the end of the biennium ending August 31, 1957, that part of said Section above quoted pertaining to the powers of the Board of Control would expire at the end of the biennium ending August 31, 1951, for the reason that the above quoted provision is only an appropriation of the funds in the Hospital Building Fund, and giving the Board of Control power over the expenditure of these funds, and said appropriation under Article VIII, Section 6 of the Constitution could not be for a longer term than two years.  The Legislature recognized this view just expressed, for in the General Appropriation Bill for 1951, Chapter 499, page 1228 at page 1298, Acts of the 52nd Legislature it made an appropriation out of the Hospital Building Fund for the biennium ending August 31, 1953.  A rider or provision was attached to the appropriation in the identical language above quoted as to the power of the Board of Control conained in the 1951 Act above mentioned.

The General Appropriation Bill for 1953, Chapter 81, page 127 at page 161 made an appropriation out of the Hospital Building Fund to the Hospital Board for building purposes for the biennium ending August 31, 1955.  We are unable to find any provision in this appropriation or General Law giving any authority or duty to the Board of Control with reference to the expenditure of this money like that found in previous appropriations to the Hospital Board.

The General Appropriation Bill for 1955, Chapter 151, page 1348 at page 1376 made an appropriation out of the Hospital Building Fund for building purposes for the biennium ending August 31, 1957.  This Appropriation Bill had no rider or provision relating to any power or duty of the Board of Control with reference to the expenditure of this money.  However, under another Act of the same Legislature, to-wit, House Bill 660, Chapter 404, Acts of the 54th Legislature, Regular Session, page 1080, the 1935 Act was again amended by increasing the tax on cigarettes and said amendment contained the same provision as contained in Section 2(b) of the 1951 Act which allocated to the Hospital Building Fund the same percentage of the tax as formerly allocated and also appropriated this fund, and the same appropriation had a clause identical with that contained in the 1950 and 1951 Acts pertaining to the duty and authority of the Board of Control.  This appropriation, of course, could be for only two years (Article VIII, Section 6 of the Constitution), and, therefore, the authority of the Board of Control terminates with the end of the biennium on August 31, 1957.  This view is further strengthened by the fact that the same Act of 1955 provides that after August 31, 1957, all revenue derived from the cigarette tax, except that allocated to the School Fund, shall be credited to the General Revenue Fund.  In other words, there will be no additional part of the cigarette tax credited to the Hospital Building Fund after August 31, 1957.  This appropriation of the Building Fund expires after August 31, 1957, and the authority of the Board of Control also terminates with the appropriation.

As stated in the body of this opinion, the 1957 appropriation for the biennium beginning September 1, 1957 does not contain any provision for the Board of Control to review and approve any contracts made by the Hospital Board.